**Floriberto Mendez JUAN and Eugenia Mendez, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–72023.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2008.*

Filed Oct. 16, 2008.

Floriberto Mendez Juan, La Puente, CA, pro se.

Eugenia Mendez, La Puente, CA, pro se.

OIL, David Schor, Trial, Aviva Poczter, Senior Litigation Counsel, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW, W. FLETCHER and RAWLINSON, Circuit Judges.

MEMORANDUM **

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reopen removal proceedings and motion to reconsider.

■ This court lacks jurisdiction to review the BIA's refusal to reopen removal proceedings *sua sponte*. *See Ekimian v. INS*, 303 F.3d 1153, 1159–60 (9th Cir. 2002). Accordingly, respondent's motion to dismiss in part is granted.

We review the BIA's ruling on a motion to reopen and a motion to reconsider for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008).

■ The statute and regulations provide, with certain exceptions that do not apply to this case, that only one motion to reopen removal proceedings may be filed and that the motion to reopen must be filed within 90 days after the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioners' third motion to reopen was filed beyond the 90–day deadline, and petitioners have not con-

tended that any recognized exceptions to the number and time limits apply, the BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely and numerically barred. *See id.*

■ The statute and regulations provide that a motion to reconsider must be filed within 30 days after the mailing of the BIA's decision. *See* 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2). We conclude that the BIA did not abuse its discretion in denying the motion to reconsider because petitioners' motion to reconsider was untimely by approximately four months. *See* 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2).

Accordingly, respondent's motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.